# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ex rel. ) | |
| CHRIS KOSTER, Attorney General, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-00519-CV-W-FJG |
| ) | |
| AMERICAN SUZUKI MOTOR ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 7).

### I. BACKGROUND

Plaintiff, State of Missouri, ex rel. Chris Koster Attorney General, filed a petition in the Circuit Court of Clay County, Missouri on May 15, 2009, against defendant American Suzuki Motor Corporation ("ASMC") (Exhibit A to Defendant's Notice of Removal, Doc. No. 1). Plaintiff alleges defendant violated sections 407.020 and 407.100 of the Missouri Merchandising Practices Act.

Specifically, plaintiff alleges defendant sponsored and pre-approved radio and television advertisements for its franchisee, Legend Suzuki, which promoted the "Drive a Suzuki" programs. The promotions aired from May 2007 through January 2008, and generally followed one of two patterns: (a) drive a new Suzuki with no payments for life, and (b) drive a new Suzuki for low fixed payments of amounts ranging from $29 to $99. Approximately 120 Missouri consumers entered transactions to purchase new Suzuki vehicles during the period the advertisements aired. When the promotional term

expired, consumers were required to reapply for the offer. Many consumers were unable to obtain financing, and, thus, were required to make full payments on the vehicles. Plaintiff alleges some consumers made monthly payments as high as $700 or more. Plaintiff alleges many consumers continue to make full payments as of the date of the filing, and others have had their vehicles repossessed for nonpayment. ASMC terminated the Legend Suzuki dealership in the Fall of 2008.

Plaintiff subsequently filed a petition in Circuit Court of Clay County, Missouri. Defendants removed this case based on diversity jurisdiction on July 8, 2009 (Doc. No. 1). Plaintiffs then filed a motion to remand on July 23, 2009, alleging that removal is improper because no diversity jurisdiction exists (Doc. No. 7). Defendants, however, claim diversity jurisdiction is proper because the State is merely a nominal party, not the real party in interest. Instead, the Missouri consumers for which the State seeks restitution are the real parties in interest and, therefore, their citizenship should control the diversity analysis.

## II. STANDARD

> It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

Williams v. Safeco Insur. Co. of America, 74 F. Supp. 2d 925, 928 (W.D. Mo. 1999). "Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Development Inc. v. Central Nebraska Public Power &

2

Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, *2, 2005 U.S. Dist. LEXIS 30028, *7 (D. Neb. Oct. 11, 2005), citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,107-09 (1941).

### III. DISCUSSION

The instant case was removed by defendants on the basis that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity, and the aggregate amount in controversy exceeds $75,000, exclusive of costs and interest (Doc. No. 1).

Defendant ASMC is a California corporation with its principal place of business in Brea, California. Pursuant to 28 U.C.S. § 1332(c)(1), ASMC is a citizen of California. Plaintiff, the Attorney General of Missouri, brings this action on behalf of the State of Missouri. It is well established that states are not "citizens" for purposes of diversity jurisdiction. Hertz v. Knudson, 6 F.2d 812, 815 (8th Cir. 1925); Moor v. County of Alameda, 411 U.S. 693, 717 (1973). A suit between a state and a corporation of another state is not between citizens of different states, and a federal court has no jurisdiction unless it arises under the Constitution, laws, or treaties of the United States. Hertz, 6 F.2d at 815, citing Ames v. Kansas, 111 U.S. 449 (1884). Thus, the issue is whether the State of Missouri is a real party in interest or merely a nominal party, for purposes of the diversity jurisdiction analysis.

Defendant argues the principle that a state is not a citizen for purposes of diversity jurisdiction does not apply here because the State of Missouri is not the real party in interest. In determining whether remand is appropriate, defendant urges the Court to focus on whether the State has a plausible claim for injunctive relief.

3

Defendant urges there is no factual basis for injunctive relief because the advertisements ceased in January 2008, the Legend dealership has been terminated and is no longer in business, and plaintiff has not specified other ongoing wrongful activity. Thus, the true purpose of the action is restitution to the 120 consumers, which makes them the real parties in interest. As such, the consumers' Missouri citizenship should control the diversity analysis.

ASMC urges the Court to focus the motion to remand on the narrow question of whether the Attorney General has made a plausible claim for injunctive relief; however, the Court finds such a narrow interpretation is inappropriate in light of the fact that plaintiff seeks more than injunctive relief. The Attorney General seeks a preliminary and permanent injunction, full restitution to all consumers who sustained economic losses, civil penalties in accordance with the MMPA, and payment to the Missouri Merchandising Practices Revolving Fund for the alleged violations. Thus, the Court must consider the State to be the real party in interest, as none of the claims have been dismissed.

Accordingly, plaintiff's Motion to Remand is **GRANTED**. This case is remanded to the Circuit Court of Clay County, Missouri, and all further proceedings shall occur in that court. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Clay County, Missouri as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Date: 09/30/09　　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge